IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1999 SESSION

FILED

March 8, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9712-CC-00549 |
| | ) | |
| Appellee | ) | BLOUNT COUNTY |
| | ) | |
| v. | ) | HON. D. KELLY THOMAS, JR., |
| | ) | JUDGE |
| DEMETRIUS ROBINSON, | ) | |
| | ) | (Delivery of cocaine) |
| Defendant/Appellant | ) | |

FOR THE APPELLANT:

Gerald C. Russell
125 E. Broadway Avenue
Maryville, TN  37804

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

R. Stephen Jobe
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN  37243-0493

OPINION FILED _____

AFFIRMED
JOHN K. BYERS
SENIOR JUDGE

**O P I N I O N**

On October 15, 1997, the defendant was convicted of delivering cocaine and he was sentenced to serve four years in the penitentiary.

The defendant was tried along with a co-defendant Reggie Barton. In the course of the trial, statements made by Barton implicated the defendant.

The defendant raises the following issues:

1.  Whether the defendant's Motion To Sever the trial should have been granted?

2.  Whether the co-defendant's statement to the confidential informant should have been excluded or redacted?

We affirm the judgment of the trial court.

The evidence presented by the State and accredited by the jury shows that on June 11, 1997 Jake Cleveland, an undercover drug buyer, went to the Howe Street Park area in Blount County to attempt to develop a case specifically involving Robinson. The officer drove through the area once without making contact. He drove through a second time and the defendant yelled to Barton, the co-defendant, to stop Cleveland and see what he wanted.

Cleveland stopped and Barton got into his car and informed him that Robinson was selling "two for forty," which meant two twenty dollar rocks of crack cocaine for $20 total. Cleveland told Barton he wished to buy four rocks, but Barton told him Robinson did not have that much cocaine. Cleveland then gave Barton the money to buy two rocks, and Barton approached Robinson. Robinson reached into his clothing and retrieved a bag that he gave to Barton. Barton delivered the money to Robinson, took possession of the bag, and delivered it to Cleveland. The bag contained cocaine.

This transaction was tape recorded and the recording was played to the jury. Of course, it contained Barton's statements about Robinson. Additionally, Cleveland testified about the statements made to him by Barton about Robinson.

The defendant asserts that the trial of him and Barton together violated his right to cross examine Barton because Barton did not testify. It is Robinson's position that this procedure violates the rule in *Bruton v. United States,* 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968), which prohibits the use of a non-testifying co-defendant's statements which implicate a co-defendant.

The use of co-defendant statements may not be generally admitted against another at trial in defiance of the confrontation right of an accused. However, if it is shown that the defendants conspired with each other or others to commit the crime being prosecuted, the *Bruton* rule is not applicable.

A conspiracy is a combination of two or more persons to do a criminal act. *State v. Lequire,* 634 S.W.2d 608 (Tenn. Crim. App. 1981). The facts in this case clearly show Barton and Robinson were acting in concert to sell cocaine. This being the case, the statement of one of the conspirators was admissible in the case whether that defendant testifies or not. Tenn. R. Evid. 803(1.2)(E). The trial judge did not err in refusing to sever the two defendants for trial or for not redacting Barton's statements.

The judgment of the trial court is affirmed. It appearing that the defendant is indigent, costs of the appeal are taxed to the State.

_____
                                      John K. Byers, Senior Judge

CONCUR:


_____
James Curwood Witt, Jr., Judge



_____
Norma McGee Ogle, Judge